**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 25 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



RICHARD CAPRI,

           Plaintiff - Appellant,

  v.

JAMES COX; et al.,

           Defendants - Appellees.

No. 14-17211

D.C. No. 3:12-cv-00417-RCJ-VPC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN Circuit Judges.

    Richard Capri, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and due process claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Capri's deliberate indifference claim because Capri failed to raise a genuine dispute of material fact as to whether defendants Peery, Gedney, and Marr were deliberately indifferent in treating his inguinal hernia. *See id.* at 1057-58 (a prison official is deliberately indifferent only if he or she "knows of and disregards an excessive risk to inmate health"; a mere difference of opinion is insufficient to establish deliberate indifference (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Capri's due process claim because Capri failed to raise a genuine dispute of material fact as to whether voluntary castration was a term of Capri's plea agreement. *See United States v. Heredia*, 768 F.3d 1220, 1230 (9th Cir. 2014) ("Plea agreements are essentially contracts. We enforce their literal terms, construing any ambiguities in the defendant's favor." (citation and internal quotation marks omitted)); *Brown v. Poole*, 337 F.3d 1155, 1160 (9th Cir. 2003) ("The intent of the parties becomes clear upon an examination of the language of the plea agreement and the conduct of the parties during the plea colloquy." (citation and internal quotation marks omitted)).

**AFFIRMED.**